GEORGE HAW, Appellant, v. F. P. HORN & SON et al., Appellees.

**BROKERS:** Commission—Theory of Recovery. A broker who pleads that he was to have a commission on a certain exchange "provided said exchange * * * went through and was carried out" must recover on that theory or not at all.

**BROKERS:** Commission—Instructions. On the issue as to which party was in fault for not consummating a sale, instructions reviewed,

and held to properly present the issue and the contentions of the respective parties.

*Appeal from Van Buren District Court.*—D. M. ANDERSON, Judge.

OCTOBER 16, 1923.

ACTION at law by a real estate broker, to recover a commission.   Verdict for defendants, and plaintiff appeals.— *Affirmed.*

*Walker & McBeth,* for appellant.

*Starr & Jordan* and *George R. Buckles,* for appellees.

FAVILLE, J.—Appellant is a real estate broker.   On or about the 17th of June, 1919, the appellees executed a listing contract with the appellant.   The part material to this case is as follows:

"I hereby authorize Geo. Haw to sell or secure a buyer or an exchange for the above described property, and for such services I agree to pay him the first $1,000.00 above the $135.00 and ½ of the balance for which the farm is sold.   Said commission shall be due and payable when the agreement covering the sale or exchange is effected."

It appears without dispute in the record that the appellant procured one Miller as a prospective purchaser of said premises, and that Miller and the appellees entered into a written contract, by the terms of which the appellees were to convey their farm to said Miller and receive in part payment thereof a certain apartment house in the city of Ottumwa, and the remainder of the purchase price was to be represented by mortgages on said farm.   A written contract between said parties to that effect was executed on July 7, 1919.

Appellant's original petition pleaded said listing contract, and alleged the procurement of the purchaser and the execution of a contract between said purchaser and the appellees, and prayed judgment for the commission alleged to be due according to the contract.   By an amendment to his petition, and as a separate count thereof, the appellant alleged that, prior to the execution of the contract between the appellees and the pur-

chaser, the appellees proposed to the appellant that, instead of the cash commission provided in the original listing contract, the appellant should take as his commission a one-half interest in the Ottumwa property which the purchaser proposed to convey to the appellees in part payment of said farm. Appellant alleges in said amendment that he consented to accept said proposition by the appellees, and that the contract was entered into between the appellees and Miller "with the understanding and agreement between the plaintiff and the defendants that the original contract between them, to wit, Exhibit A, was to be modified as herein alleged, provided said exchange of properties went through and was carried out." Upon the trial, appellant's contention was that the original listing contract was modified by the subsequent oral agreement, and he sought to recover as his commission one half of the value of the Ottumwa property which was to have been conveyed to the appellees under their contract with the purchaser.

It is conceded by all parties that the transaction was never finally consummated between the appellees and Miller. There is a sharp conflict in the evidence as to the reason why said contract was not so consummated. After the written contract for the exchange of properties had been entered into, all of the parties met at a bank in the town of Douds, where deeds were executed, but were not delivered; and subsequently the deal was abandoned by the parties.

I. The court instructed the jury as follows:

"The contract of listing signed by the defendants provided that the commission shall be due and payable when the agreement covering the sale or exchange is effected. The parties have treated this provision as meaning that the commission was due and payable when the deeds passing title to the farm to George L. Miller, and the Ottumwa property to defendants, were executed and delivered, and the notes and mortgages to secure the balance of the purchase price of the farm was executed and delivered by George L. Miller to the defendant. An execution and deposit of the deeds, notes, and mortgages in escrow, to be held and delivered to the parties entitled thereto on March 1st, 1920, would be a delivery at the time of execution, entitling the plaintiff to his commission."

Appellant insists that the court erred in giving this instruction. Appellant's contention is that he was entitled to recover his commission as soon as he procured a purchaser who was ready, able, and willing to buy upon the terms of the listing contract, and with whom his principal made a valid and enforcible contract.

It may be conceded that this is the general rule in contracts of this character. But appellant did not finally predicate his action in this case upon such theory. By the amendment to his petition upon which the case was tried, he pleaded a specific contract to pay a certain commission in a certain way, and upon certain conditions.

1. Brokers: commission: theory of recovery.

True, he originally pleaded the written contract between him and the appellees; but he afterwards pleaded that, by subsequent oral agreement, said contract had been modified so as to provide that the commission to be paid to him should be a one-half interest in the Ottumwa property which his principal was to acquire from Miller, and that this was to be paid "provided said exchange of property went through and was carried out." And he avers that this change was made *prior* to the execution of the contract by the purchaser.

The parties had a right to modify or change the written contract by a subsequent parol agreement. Appellant sought to prove the modified contract as so pleaded by him. In view of this situation, the court was not in error in giving Instruction No. 4. It is, of course, undisputed that the trade was not finally consummated. The question, therefore, arose as to whether or not the appellees were responsible for the failure to carry out the deal. They could not defeat the appellant of his half interest in the Ottumwa property by merely arbitrarily refusing to carry out the transaction. If they were responsible for failure to consummate the deal with Miller, they would be liable to the appellant under their contract with him, as modified. The court submitted this question of fact to the jury, and it was not error for the court so to do. The finding of the jury on this fact question, having support in the evidence, is binding upon us. The court submitted the case upon the theory of appellant's pleading and proof. There was no error in so doing.

II. Appellant complains of the giving of Instructions 5,

7, and 8. In substance, these instructions told the jury that one material question for them to determine was whether or not the appellees were responsible for calling off the deal, and that the burden rested upon the appellant to establish by a preponderance of the evidence that appellees were responsible for so doing. The court also told the jury that it was incumbent upon the appellant to prove by a preponderance of the evidence, either that the deeds, notes, and mortgages were to be executed and delivered immediately, and that the purchaser was ready, able, and willing to perform on his part, and that the appellees refused to perform, or that the deeds, notes, and mortgages were to be executed immediately and delivered in escrow, and that the purchaser was ready, able, and willing to so perform, and that the appellees refused.

2. BROKERS: commission: instructions.

In the eighth instruction, the court told the jury that it was the claim of the appellees that they were ready to perform the contract as they understood it: that is, that the deeds, notes, and mortgages were to be executed immediately and deposited in escrow for delivery March 1, 1920, and that they did execute their deed and deposited it in escrow, and that the purchaser never executed and deposited his deed in escrow. The court told the jury that, if the contract was as claimed by the appellees in this respect, and they performed on their part, and the purchaser failed to perform on his part, then the contract was never effected; and in such case, the appellant was not entitled to his commission. The court expressly told the jury that it was to determine from the evidence in the case when the deeds, notes, and mortgages were to be executed and delivered, and that the written contract was silent in this regard, and they must determine it from the evidence.

Under the issues as made, and under the proof as offered by the parties, the court did not err in submitting this question to the jury. The written contract is silent with regard to the time of the delivery of the deeds and whether or not they were to be delivered in escrow. Evidence was offered with regard to the understanding and agreement between the parties in respect to said matters, it being appellees' contention that they were ready at all times to perform the contract on their part, but that

the purchaser procured by appellant refused to carry out the contract with respect to the delivery of deeds, as appellees claim the understanding was. This clearly presented a question for the determination of the jury, and we do not think that the trial court erred in submitting the question in the manner in which it did.

III. The contention is stressed by the appellant that the verdict is contrary to the evidence, and that, because thereof, the trial court should have granted a new trial.

The evidence was in conflict. It cannot fairly be said that the verdict is the result of passion and prejudice. Fact questions are primarily for the determination of the jury, and a very large discretion is vested in the trial court in determining a motion for a new trial. Upon such a record, we cannot substitute our conclusion for that of the jury on a fact question, even though it might be at variance with the verdict returned.

We find no error in the record requiring interference upon our part, and the judgment of the trial court must therefore be, and it is,—*Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.